IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN DeCAMBRA, | ) | CIV. NO. 14-00122 DKW/RLP |
| | ) | |
|     Petitioner, | ) | ORDER DISMISSING ACTION |
| vs. | ) | WITHOUT PREJUDICE AND |
| | ) | DENYING IN FORMA PAUPERIS |
| DIRECTOR TED SAKAI, DEP'T | ) | APPLICATION |
| OF PUBLIC SAFETY, STATE OF | ) | |
| HAWAII, | ) | |
| | ) | |
|     Respondent. | ) | |
| _____ | ) | |

## ORDER DISMISSING ACTION WITHOUT PREJUDICE AND DENYING IN FORMA PAUPERIS APPLICATION

Petitioner John DeCambra is a Hawaii state prisoner incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona. Petitioner submitted this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with a request to proceed *in forma pauperis*.

Although Petitioner names Hawaii Department of Public Safety Director Ted Sakai as respondent,[1] he claims that SCC prison officials in Arizona have denied him medical care in violation of the United States Constitution.

---

[1] The court recognizes that Petitioner named Sakai as respondent, as the person with custody over him, not as the individual who Petitioner believes is responsible for committing the wrongs that he alleges.

Petitioner seeks an order directing prison officials to provide him with the medical care and treatment he allegedly requires. *See* generally, Petition, Doc. No. 1.

## I. BACKGROUND

Petitioner complains that SCC prison physician Dr. Baird diagnosed him with Hepatitis C on or about July 16, 2013, yet refuses to treat him for this condition. Dr. Baird allegedly told Petitioner that "Hawaii's insurance won't cover his treatment," and that Petitioner has insufficient time remaining in custody to begin treatment. Pet., Doc. No. 1 at PageID #2. Petitioner alleges that he became depressed and anxious for several days after receiving this news, and fearing that he might harm himself or others, requested medical supervision. *Id.* Petitioner has since repeatedly requested treatment for his Hepatitis C and access to his medical files, but has been denied both by SCC medical unit personnel. He concedes that SCC medical personnel explained that the Hepatitis C treatment protocol requires twenty-four uninterrupted weeks of treatment and causes side effects that may be dangerous given Petitioner's past mental health issues. *Id.*, PageID #3.

Petitioner filed grievances concerning these claims and pursued habeas relief in the Hawaii state court on or about November 25, 2013. He states his grievances were denied and the Hawaii court has not responded. *Id.*, PageID #4-9.

## II. LEGAL STANDARD

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the district court to make a preliminary review of each petition for writ of habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). The Advisory Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## III. DISCUSSION

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 574, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An

inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

Thus, as a general rule, a prisoner's challenge of the fact or duration of a confinement should be addressed by filing a habeas corpus petition, while a challenge to the conditions of confinement should be addressed by filing a civil rights action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); *Ramirez v. Galaza*, 334 F.3d 850, 858-859 (9th Cir. 2003) (explaining that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition would not necessarily shorten the prisoner's sentence").

**A.    Petitioner Does Not Challenge His Conviction or Sentence**

Petitioner does not challenge his conviction or sentence—he challenges the alleged denial of medical care by prison medical officials in Arizona. A favorable judgment would alter the conditions under which Petitioner is confined, but would not result in his release or effect the duration of his sentence. Because Petitioner's claims are properly construed as challenging the conditions of his confinement, they are cognizable, if at all, in a civil rights action, and not in a petition for a writ of habeas corpus.

Moreover, Petitioner concedes he has an ongoing petition in the Hawaii state courts raising the same claims he presents here. Although Petitioner may have been unaware when he mailed this pleading to the court, the Hawaii Supreme Court has since directed the Hawaii Department of the Attorney General to answer Petitioner's claims within twenty days of February 21, 2014. *See DeCambra v. Sakai*, No. SCPW-13-0005657, 2014 WL 715543, *1 (Haw. 2014). Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires the petitioner to fairly present all claims to the state courts before commencing a federal action. *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), *cert. denied*, ––– U.S. –––, 133 S.Ct. 424 (2012). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982). Fully unexhausted petitions must be dismissed and are not subject to a stay-and-abey procedure. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner does not state a claim for habeas relief, and even if he did, his claims are admittedly unexhausted because he has a pending petition in the Hawaii state courts. The Petition is subject to dismissal without prejudice.

### B. The Court Will Not Construe This Action as Brought Pursuant to 42 U.S.C. § 1983

A federal court has discretion to construe a mislabeled habeas corpus petition as a civil rights action. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (*per curiam*) (holding that state prisoners' habeas petitions could be read to plead § 1983 claims which the prisoners were entitled to have heard without exhaustion of state remedies). The Prison Litigation Reform Act of 1995 ("PLRA") may make it inappropriate to do so, however. In particular, § 1983 cases filed by prisoners are subject to a $350.00 filing fee, rather than the $5.00 dollar filing fee for habeas cases, *see* 28 U.S.C. § 1914(a), and the fee must be paid, even if *in forma pauperis* status is granted, through deductions from the prisoner's trust account until the $350.00 fee is paid in full. *See* 28 U.S.C. § 1915(b).

Prisoner civil rights cases must also be administratively exhausted through the prison grievance system before a complaint may be pursued in federal court. *See* 42 U.S.C. § 1997e(a). Due to the PLRA's filing fee requirements, provisions requiring *sua sponte* review of complaints, and limits on the number of actions a prisoner may be permitted to file *in forma pauperis*, a prisoner should not be obligated to proceed with a civil rights action unless it is clear that he or she wishes to do so. *See* 28 U.S.C. § 1915; 42 U.S.C. § 1997e; *Bunn v. Conley*, 309

F.3d 1002, 1007 (7th Cir. 2002) (stating that courts should not recharacterize the nature of a prisoner's claim because the PLRA and the Antiterrorism and Effective Death Penalty Act of 1996 created "pitfalls of different kinds for prisoners using the wrong vehicle"); *cf. Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997) (stating that a court should not convert a civil rights action into habeas petition due to the implications of the abuse of the writ doctrine); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (same).

It is uncertain whether Petitioner is willing to pay the civil filing fee of $350.00 rather than the $5.00 habeas filing fee to pursue his claims. Further, although he names the Hawaii Director of Public Safety, Petitioner's claims are alleged against SCC prison officials and he challenges events that admittedly occurred in Arizona. Were this action construed as a civil rights action, Petitioner would be required to amend his pleading using court forms, name the individuals allegedly responsible for his claims, provide certification of his prison account funds and certification that those funds may be deducted, and the action would nonetheless likely be transferred to Arizona. *See* 28 U.S.C. § 1391(b) (stating venue lies in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred); 28 U.S.C. § 1404 (allowing the court to transfer venue for the convenience of parties and witnesses in the interests of justice).

As noted above, Petitioner has an ongoing petition in the Hawaii state courts raising the same claims he presents here. Under principles of comity and federalism, a federal court generally should not interfere with ongoing state proceedings by granting injunctive or declaratory relief in a federal civil rights action except under special circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (applying the *Younger* abstention rationale to noncriminal judicial proceedings); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). Although the Court makes no determination on whether *Younger* abstention applies here, it is another factor weighing against construing this habeas action as a civil rights action.

For these reasons, Petitioner might not seek to have the instant action treated as a § 1983 case, and the court will not construe it as such. Accordingly, the Petition is dismissed without prejudice.

## IV.  **CONCLUSION**

(1) The Petition and action are DISMISSED without prejudice. Petitioner may reassert his claims in a cause of action under 42 U.S.C. § 1983 in Arizona where venue apparently lies, after he has had the opportunity to consider the Court's discussion in this Order.

(2)     Petitioner's *in forma pauperis* application is DENIED as incomplete.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 18, 2014.



_____
Derrick K. Watson
United States District Judge

---

*DECAMBRA v. SAKAI*; CV. 14-00122 DKW-RLP; ORDER DISMISSING ACTION WITHOUT PREJUDICE AND DENYING IN FORMA PAUPERIS APPLICATION

*DeCambra v. Sakai*, 1:14-cv-00122 DKW/RLP; psa 2014 habeas;  J:\Denise's Draft Orders\DKW\DeCambra 14-122 DKW (dsm hab not constue as 1983).FINAL.wpd